UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER,

    Plaintiff

v.

NICHOLAS GALZETTA,
FRED GOVERN, ERICA
HUSS, DARRIN VIITALA,
MANDI SALMI, KENNETH
NIEMISTO, KRISTINE
GIESEN, TERRY MEDEN,
CHAD LaCOUNT, HANNA
SAAD, DR. ROSEN, C/O
WATKINS, C/O LEWIS, C/O
LEE, C/O SLAUGHTER, C/O
HOUSTON, DAPHNE M.
JOHNSON and RICHARD
IDEMUDIA

    Defendants.
_____/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**ORDER (1) DENYING PLAINTIFF'S MOTIONS TO STAY SUMMARY JUDGMENT (DEs 51, 58), (2) DENYING PLAINTIFF'S MOTION TO EXPEDITE (DE 63) AS MOOT, (3) GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSE TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (DE 64), (4) GRANTING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER (DEs 67, 68), (5) DENYING PLAINTIFF'S MOTION TO COMPEL (DE 72) WITHOUT PREJUDICE, (6) SETTING NEW BRIEFING SCHEDULE ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, AND (7) DIRECTING THE CLERK TO SERVE THIS ORDER ON PLAINTIFF AT THE CHIPPEWA CORRECTIONAL FACILITY, GUS HARRISON**

# CORRECTIONAL FACILITY, AND THE RICHARD A. HANDLON CORRECTIONAL FACILITY ADDRESSES

## A. Background

### 1. Service Address

D'Andre Alexander (#731077) is currently incarcerated at the MDOC's Chippewa Correctional Facility (URF) in Kincheloe, Michigan. *See* www.michigan.gov/corrections, "Offender Search." Plaintiff's address on the docket is listed as "Richard A. Handlon Correctional Facility," in Ionia, Michigan, and that is also the return address on Plaintiff's most recent filing in this matter on November 6, 2017. (DE 75 at 37.) However, mail sent to Plaintiff at that address was returned as undeliverable on October 20, 2017. (DE 74.) Plaintiff's most recent "Notice of change of address/contact information" filed with the Court on August 3, 2017, lists his "new and current address" as "Gus Harrison Correctional Facility" in Adrian, Michigan. (DE 61.) On October 13, 2017, Plaintiff filed a letter with the Court stating that he had "duly filed a notice of address change on 9/15/2017." (DE 73.) Plaintiff does not indicate however what that new address is, and a review of the docket reveals no such notice filed on or around September 15, 2017. The Court reminds Plaintiff that he is required, pursuant to E.D. Mich. LR 11.2, to promptly file a notice with the Clerk and serve a copy of the notice on all parties whenever his address or other contact information changes. (DE 3.)

Plaintiff is **ORDERED** to file a notice with the Court regarding his current address and contact information. Until Plaintiff's correct current address is confirmed, the Clerk is **DIRECTED** to serve this Order on Plaintiff at the Chippewa Correctional Facility address, the Gus Harrison Correctional Facility address, and the Richard A. Handlon Correctional Facility address.

2. **Plaintiff's Complaint**

On September 8, 2016, while incarcerated at Macomb Correctional Facility (MRF), Alexander filed the instant lawsuit against 18 defendants, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Calzetta, Govern, Giesen, Viitala, LaCount, Niemisto, Huss, Salmi and Meden),

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Saad, Rosen, Watkins, Lewis, Lee, Slaughter, Houston and Idemudia), and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Johnson).

The facts underlying Plaintiff's complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC. (DE 1 at 2 ¶ 4, DE 1 at 3-7 ¶¶ 13-48.) This case has been referred to me for all pretrial matters. (DE 8.)

B. **Instant Motions**

There are multiple motions pending in this matter, including: (1) the State Defendants' June 27, 2017 motion for summary judgment (DE 46)[1]; and (2) Defendant Terry Meden's July 11, 2017 motion for summary judgement. (DEs 53, 54.) The Court ordered responses to the two motions for summary judgment by August 18 and August 17, 2017, respectively. (DEs 48, 57.)

Plaintiff did not file a response to either motion, but instead filed two motions to stay summary judgment "pursuant to Rule 56(f)" on July 7, 2017 (DE 51) and July 21, 2017 (DE 58), and a motion for expedited consideration of the motions to stay on August 10, 2017. (DE 63). Plaintiff states that he did not engage in discovery while Defendants' motion to sever based on misjoinder of parties and claims (DE 20) was pending, and argues that he has not had sufficient time to engage in discovery against the State Defendants, and that those defendants "have refused to produce any requested documents/videos, and refused to answer certain interrogatories." (DE 51 at 2.) He also argues that he had not received a notice of appearance of counsel for Defendant Meden and thus has not engaged in any discovery with Meden. (DE 58 at 1.) He asserts generally in both motions only that he needs to engage in discovery to respond to the summary judgment

---

[1] Defendants' motion identifies the "State Defendants" as Defendants Nicholas Calzetta, Fred Govern, Erica Huss, Darrin Viitala, Mandi Salmi, Kenneth Niemisto, Kristine Giesen, Chad LaCount, Melvin Watkins, John Lewis, Rodney Lee, Kyle Slaughter, Bobby Houston, Daphne Johnson, and Richard Idemudia. (DE 46 at 2.)

4

motions. (DEs 51, 58.) The State Defendants have not responded to the motion to stay (DE 51), but Defendant Terry Meden filed a response in opposition to Plaintiff's July 21, 2017 motion to stay on August 3, 2017, asserting that an appearance of counsel for Defendant Meden was filed on April 11, 2017, and that Plaintiff was not barred from serving Meden with discovery requests but has failed to do so. (DE 59.)

On August 22, 2017, Plaintiff filed a motion for enlargement of time to file a response to Defendants' motions for summary judgment. (DE 64). Plaintiff requests that the deadlines set by the Court to respond to the summary judgment motions be extended 14 days "[i]n the event that the motions to stay summary judgment are denied by the court[.]" (*Id.* at 1.)

The State Defendants filed a motion for protective order on September 26, 2017, seeking a stay of discovery until the Court rules on Defendants' motions for summary judgment. (DE 67.) The State Defendants argue that discovery at this juncture is premature and inappropriate because their motion for summary judgment, based on failure to exhaust administrative remedies and failure to state cognizable claims, would be dipositive of Plaintiff's claims against them. (*Id.* at 9.) Defendants continue that if their motion for summary judgment is denied, discovery can then proceed as prescribed by the rules. (*Id.* at 10.) Defendant Meden filed a concurrence and adoption of the State Defendants' motion for

5

protective order on September 27, 2017, arguing that he has already answered some initial discovery and any additional discovery should be prevented until the Court rules on his motion for summary judgment. (DE 68.) Plaintiff has not responded to Defendants' motions.

Finally, Plaintiff filed a motion to compel on October 10, 2017, arguing that some of Defendants' responses to his requests for production are inadequate. (DE 72.) Specifically, Plaintiff seeks: (1) to view videos of alleged assaults of Plaintiff by two other inmates; (2) his entire mental health record during the time he was housed at MBP and WCC; (3) a copy of an investigation conducted by Defendant Idemudia with Plaintiff on February 3, 2016; and (4) a "copy of misconduct" another inmate received for assaulting Plaintiff. (*Id.* at 4.) Defendants have not responded to Plaintiff's motion.

**C.    Discussion**

Plaintiff brings his motions to stay summary judgment "pursuant to Fed. R. Civ. P. 56(f)"[2] and argues generally that he needs more time to engage in discovery in order to sufficiently defend against the motions for summary judgment. (DEs 51, 58.) Rule 56(d) provides:

---

[2] Rule 56 was reworded and reorganized effective December 1, 2010. One of the revisions was moving the provision that was Rule 56(f) into its current location as Rule 56(d). Based upon the content of Plaintiff's representations, presumably he means 56(d).

> If a nonmovant shows <u>by affidavit or declaration</u> that, for <u>specified reasons</u>, it cannot present facts essential to justify it opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (emphasis added). Any request for further discovery under Fed. R. Civ. P. 56(d) *mus*t be accompanied by either an affidavit sworn to before a notary or a declaration that complies with the requirements of 28 U.S.C. § 1746. *Sandusky Wellness Ctr., LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (holding that district court did not abuse its discretion by denying a motion under Rule 56(d) for additional discovery that was not supported by a request that was "'sworn to before a notary public,'" or "'signed under penalty of perjury pursuant to 28 U.S.C. § 1746'") (quoting *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011)). Although "[i]t is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment," the Sixth Circuit has "upheld the denial of Rule 56[(d)] motions on vagueness grounds even when the parties were given no opportunity for discovery." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). "Rule [56(d)] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing

7

party that his opposition is meritorious." *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989) (citations omitted).

Plaintiff here has failed to file any affidavit or declaration in support of his motions to stay, and has failed to provide "specified reasons" detailing his "need for discovery, [and] what material facts [he] hopes to uncover[.]" *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000); *see also Aldridge v. City of Warren, Mich.*, 682 F. App'x 461, 464 (6th Cir. 2017) (district court did not abuse its discretion in denying discovery because plaintiff did not file a Rule 56(d) affidavit but only "offered no more than the vaguest generalities about why further discovery was necessary or what he hoped to show through that discovery, both of which he was required to explain in at least some detail"). Moreover, the pending summary judgment motions are based, at least in part, on the threshold issue of whether Plaintiff has failed to exhaust his administrative remedies for all of his claims against Defendants, and Plaintiff has not demonstrated any discovery that is required with respect to that issue. The discovery sought in Plaintiff's motion to compel (DE 72) is not relevant to the exhaustion issue. In addition, this action was filed on September 8, 2016, and Plaintiff has had an adequate period of time to engage in discovery, and indeed has engaged in discovery with Defendants. (*See* DE 72 at 8-12; DE 68 at 2.) Accordingly, Plaintiff's motions to stay (DEs 51, 58) are **DENIED** for failure to comply with the requirements of Rule 56(d) and his

8

motion to expedite consideration of the motions to stay (DE 63) is **DENIED AS MOOT**.

Further, Defendants' motions for protective order (DEs 67, 68) are **GRANTED** and discovery in this matter is stayed until the Court rules on Defendants' motions for summary judgment.

Finally, Plaintiff's motion to compel (DE 72) is **DENIED without prejudice** to refiling after the Court rules on Defendants' motion for summary judgment, if necessary.

**D.      Revised Briefing Schedule**

Plaintiff has not filed a response to either pending motion for summary judgment in this matter (DEs 46 and 53). In light of the denial of Plaintiff's motions to stay summary judgment, the Court will **GRANT** Plaintiff's motion for enlargement of time to file responses to Defendants' motions for summary judgment (DE 64). Accordingly, it is hereby ordered that:

(1)     Plaintiff shall file a response to the State Defendants' motion for summary judgment **(DE 46)** on or before **JANUARY 22, 2018**. The response shall be filed in accordance with E.D. Mich. L.R. 7.1. The State Defendants may file a reply on or before **FEBRUARY 1, 2018.**

(2)     Plaintiff shall file a response to Defendant Meden's motion for summary judgment **(DE 53)** on or before **JANUARY 22, 2018**. The

response shall be filed in accordance with E.D. Mich. L.R. 7.1.

Defendant Meden may file a reply on or before **FEBRUARY 1, 2018.**

**IT IS SO ORDERED.**

Dated: January 3, 2018              s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on January 3, 2018, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti