UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER
# 731077,

        Plaintiff

v.

NICHOLAS GALZETTA,
FRED GOVERN, ERICA
HUSS, DARRIN VIITALA,
MANDI SALMI, KENNETH
NIEMISTO, KRISTINE
GIESEN, TERRY MEDEN,
CHAD LaCOUNT, HANNA
SAAD, DR. ROSEN, C/O
WATKINS, C/O LEWIS, C/O
LEE, C/O SLAUGHTER, C/O
HOUSTON, DAPHNE M.
JOHNSON and RICHARD
IDEMUDIA

        Defendants.
_____/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND ORDERING ENFORCEMENT OF MDOC PD 05.03.116 (DE 81)

### A. Background and Discussion

D'Andre Alexander (#731077) is currently incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* www.michigan.gov/corrections, "Offender Search." On

September 8, 2016, while incarcerated at Macomb Correctional Facility (MRF), Alexander filed the instant lawsuit against 18 defendants, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Calzetta, Govern, Giesen, Viitala, LaCount, Niemisto, Huss, Salmi and Meden),

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Saad, Rosen, Watkins, Lewis, Lee, Slaughter, Houston and Idemudia), and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Johnson).

(DE 1.) On September 16, 2016, the Court recognized Plaintiff's indigency by granting his application to proceed without prepaying fees or costs. (DE 4.) The facts underlying Plaintiff's complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC. (DE 1 at 2 ¶ 4, DE 1 at 3-7 ¶¶ 13-48.) This case has been referred to me for all pretrial matters. (DE 8.)

The State Defendants filed their motion for summary judgment on June 27, 2017 (DE 46)[1] and Defendant Terry Meden filed his motion for summary judgment on July 11, 2017. (DE 53, 54.) The Court ordered responses to the two motions

---

[1] Defendants' motion identifies the "State Defendants" as Defendants Nicholas Calzetta, Fred Govern, Erica Huss, Darrin Viitala, Mandi Salmi, Kenneth Niemisto, Kristine Giesen, Chad LaCount, Melvin Watkins, John Lewis, Rodney Lee, Kyle Slaughter, Bobby Houston, Daphne Johnson, and Richard Idemudia. (DE 46 at 2.)

2

for summary judgment by August 18 and August 17, 2017, respectively. (DEs 48, 57.) Plaintiff did not file a response to either motion, but instead filed various motions to stay or for an enlargement of time to respond. (*See* DEs 51, 58, 63, 64.) On January 3, 2018, the Court entered an order, in part denying the motions to stay and granting the motion for an extension of time to file a response/reply, and ordering Plaintiff to file a response to Defendants' motions for summary judgment by January 22, 2018, and that Defendants may file reply briefs on or before February 1, 2018. (DE 76.)

On January 19, 2018, Plaintiff filed a motion for enlargement of time to file his response to the summary judgment motions (DE 80) and a motion for order to show cause (DE 81), in which he complains that an employee of the law library (Sloamski) is refusing to make copies of exhibits Plaintiff wants to attach to his response brief. On January 22, 2018, the Court granted in part Plaintiff's motion for extension, and ordered that Plaintiff's response is now due by January 29, 2018, and that he may file supplemental exhibits, if necessary, after his response brief has been filed, but that the Court will not consider any material received after the reply brief deadline. (Text-only Order, 1/22/2018.) Plaintiff's motion to show cause requests an order that Sloamski, the law library employee, "make [] copies of all of Plaintiff's exhibits so he can file his pleadings," and "[t]hat Sloamski show

3

cause why there shouldn't be a charge of .50¢ per page of Plaintiff's exhibits if he has to file all of his original copies of his exhibits with the court." (DE 81 at 2.)

The Court takes judicial notice of the Michigan Department of Corrections Policy Directive 05.03.116, Prisoners' Access to the Courts, which, in pertinent part, reads as follows:

<u>LEGAL PHOTOCOPYING SERVICES</u>

> M. Prisoners shall be provided photocopying services to obtain copies of items needed for legal research. Prisoners also shall be provided photocopying services to obtain copies of documents in their possession, or available to them in the law library, which are necessary for the prisoner to file with a court or serve on a party to a lawsuit. Prisoners shall use the Legal Photocopy Disbursement Authorization form (CSJ-602) to request photocopying; the forms shall be available to prisoners in the housing unit and institutional law libraries. **A fee of 10 cents shall be charged for each page copied**.
>
> N. Prisoners who lack sufficient funds to pay for copies of documents in their possession, or available to them in the law library, which are necessary for the prisoner to file with the court or serve on a party to a lawsuit shall be loaned funds to pay for the copying. Funds shall not be loaned, however, for copying a document which can otherwise be reproduced by the prisoner, except if the document is notarized or was created for the prisoner through the Legal Writer Program and as otherwise required by court order for service of a federal lawsuit.
>
> O. A prisoner may be required to present documentation (e.g., court rule, copy of the pleading) to show that requested copies are necessary. If the prisoner presents his/her personal legal materials, staff shall read only those portions that are necessary to determine whether the copies will be provided and, if applicable, whether funds will be loaned. If a loan is approved, it shall be considered an

institutional debt and collected as set forth in PD 04.02.105 "Prisoner Funds."

MDOC PD 05.03.116 ("Prisoners' Access to the Courts"), effective Oct. 17, 2014 (emphasis added).

It is not clear whether Plaintiff here is arguing that he is entitled to free copies of these documents (which he is not), or where the purported charge of .50¢ per page comes from (as set forth above, the PD provides for a charge of 10 cents per page). In any event, the Court is satisfied that Plaintiff is entitled to the benefits and enforcement of this policy directive.

### B. Order

Accordingly, the Court orders that Plaintiff, who is proceeding *in forma pauperis*, is entitled to obtain the benefits provided in MDOC PD 05.03.116 (M-O), including the provisions of photocopies at a fee of 10 cents per page copied, and the loan of necessary funds in connection therewith which are needed to comply with this Order, the M.D.O.C. being so directed.

**IT IS SO ORDERED.**

Dated: January 22, 2018         s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 22, 2018, electronically and/or by U.S. Mail.

                                          s/Michael Williams
                                          Case Manager for the
                                          Honorable Anthony P. Patti