UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER
# 731077,

       Plaintiff

v.

NICHOLAS CALZETTA,
FRED GOVERN, ERICA
HUSS, DARRIN VIITALA,
MANDI SALMI, KENNETH
NIEMISTO, KRISTINE
GIESEN, TERRY MEDEN,
CHAD LaCOUNT, HANNA
SAAD, DR. ROSEN, C/O
WATKINS, C/O LEWIS, C/O
LEE, C/O SLAUGHTER, C/O
HOUSTON, DAPHNE M.
JOHNSON and RICHARD
IDEMUDIA

       Defendants.
_____/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR ENFORCEMENT OF COURT ORDER (DE 91) AND STRIKING LETTER AS IMPROVIDENTLY FILED (DE 99)

**A.    Background**

Plaintiff D'Andre Alexander (#731077) is currently incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* www.michigan.gov/corrections, "Offender

Search."  On September 8, 2016, while incarcerated at Macomb Correctional Facility (MRF), Alexander filed the instant lawsuit against 18 defendants, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Calzetta, Govern, Giesen, Viitala, LaCount, Niemisto, Huss, Salmi and Meden),

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Saad, Rosen, Watkins, Lewis, Lee, Slaughter, Houston and Idemudia), and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Johnson).

(DE 1.)  On September 16, 2016, the Court recognized Plaintiff's indigency by granting his application to proceed without prepaying fees or costs.  (DE 4.)  The facts underlying Plaintiff's complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC.  (DE 1 at 2 ¶ 4, DE 1 at 3-7 ¶¶ 13-48.)  This case has been referred to me for all pretrial matters.  (DE 8.)

**B.    Order to Enforce PD 05.03.116 (M-O) (DE 82)**

On January 19, 2018, Plaintiff filed a motion for order to show cause, in which he complained that an employee of the law library (Sloamski) was refusing to make copies of exhibits Plaintiff wanted to attach to his response brief to

2

Defendants' then-pending motions for summary judgment. (DE 81)[1]  On January 22, 2018, the Court entered an order denying Plaintiff's motion for order to show cause and ordering enforcement of MDOC Policy Directive (PD) 05.03.116 (M-O), including the provisions of photocopies at a fee of 10 cents per page copied, and the loan of necessary funds in connection therewith which are needed to comply with the Order. (DE 82.)

**C.  Plaintiff's motion for enforcement of order (DE 91) and letter to the Court (DE 99)**

On February 15, 2018, Plaintiff filed a motion for enforcement of court order and notice to prohibit retaliation, in which he claims that "staff member Slomski" is "still refusing to make copies, follow policy, etc." (DE 91.) Plaintiff alleges that he has filed "multiple grievances against Slomski" and that in response to those grievances, "Slomski has since wrote Plaintiff a fabricated misconduct, which has adversely affected him." (*Id.*)  Plaintiff seeks an order again "directing Slomski and Trowbridge (librarians) to abide by PD 05.03.116 and refrain from any form of further retaliation against Plaintiff." (*Id.*)  Plaintiff further states that "[a] subsequent lawsuit will be filed for the retaliation." (*Id.*)

---

[1] On April 3, 2018, the Court entered an amended opinion and order adopting in part the report and recommendation and granting in part and denying in part Defendants' motions for summary judgment. (DE 103.)

On March 16, 2018, Plaintiff submitted a "letter" directed to me, further complaining that Librarians Trowbridge and Slomski are expressly refusing to follow the Court's January 22, 2018 order, and that they are asserting that they will only make copies if Plaintiff also leaves copies of his pleadings (which are not requested to be copied) so that they can read them. (DE 99.) Plaintiff asserts that he is only required to "present" the pleading to MDOC personnel to show the necessity for the copies being requested, and not that the MDOC employees be permitted to read the pleadings. (*Id.*)

**D.   Order**

Plaintiff's motion is duplicative of his earlier motion to show cause and therefore is **DENIED** on that basis.  Plaintiff's March 16, 2018 "letter" is not in the form of a pleading or motion, as required by the Federal Rules of Civil Procedure, the Court's own Local Rules and my Practice Guidelines and thus is **STRICKEN** from the record.

However, the Court refers the parties to its January 22, 2018 Order instructing the Michigan Department of Corrections that Plaintiff is entitled to the benefits provided in MDOC PD 05.03.116 (M-O), and ordering enforcement of that policy directive.  (DE 82.)  This Order stands and must be followed and enforced.  To the extent Plaintiff is asserting a claim for retaliation based on the facts alleged in his motion, that claim is not ripe and must be pursued, if at all,

through administrative grievance remedies, and, if the grievance process is properly exhausted, in separate litigation.

**IT IS SO ORDERED.**

Dated: April 4, 2018					s/Anthony P. Patti
							Anthony P. Patti
							UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 4, 2018, electronically and/or by U.S. Mail.

							s/Michael Williams
							Case Manager for the
							Honorable Anthony P. Patti