UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER
# 731077,

        Plaintiff

v.

NICHOLAS CALZETTA,
FRED GOVERN, ERICA
HUSS, DARRIN VIITALA,
MANDI SALMI, KENNETH
NIEMISTO, KRISTINE
GIESEN, TERRY MEDEN,
CHAD LaCOUNT, HANNA
SAAD, DR. ROSEN, C/O
WATKINS, C/O LEWIS, C/O
LEE, C/O SLAUGHTER, C/O
HOUSTON, DAPHNE M.
JOHNSON and RICHARD
IDEMUDIA

        Defendants.
_____/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO FILE
## A SUPPLEMENTAL COMPLAINT (DE 75)

**I. BACKGROUND**

    **A. Procedural Background**

Plaintiff D'Andre Alexander (#731077) is currently incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. *See* www.michigan.gov/corrections, "Offender

Search." On September 8, 2016, while incarcerated at Macomb Correctional Facility (MRF), Alexander filed the instant lawsuit against 18 defendants, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Calzetta, Govern, Giesen, Viitala, LaCount, Niemisto, Huss, Salmi and Meden),

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Saad, Rosen, Watkins, Lewis, Lee, Slaughter, Houston and Idemudia), and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Johnson).

(DE 1.) The facts underlying Plaintiff's complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC, and Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, conspiracy pursuant to 42 U.S.C. § 1985, and state law claims for negligence, gross negligence, and intentional infliction of emotional distress. (*Id.*) On September 16, 2016, the Court recognized Plaintiff's indigency by granting his application to proceed without prepaying fees or costs. (DE 4.) This case has been referred to me for all pretrial matters. (DE 8.)

Fifteen defendants (the "State Defendants") filed a motion for summary judgment on June 27, 2017 (DE 46), and Defendant Dr. Terry Meden, a psychiatrist, filed a separate motion for summary judgment on July 11, 2017. (DEs

53, 54.) After the motions were fully briefed, the Undersigned issued a Report and Recommendation on February 26, 2018, to grant in part and deny in part Defendants' motions for summary judgment. (DE 93.) This report and recommendation was adopted in part on March 30, 2018, and an amended order was entered or April 3, 2018, granting in part and denying in part Defendants' motions for summary judgment. (DEs 102, 103.)

### B. Plaintiff's Motion to File a Supplemental Complaint

On November 6, 2017, Plaintiff filed a motion for leave to file a supplemental complaint. (DE 75.) Plaintiff seeks leave to: (1) add new claims against Defendant Fred Govern related to events that occurred in June 2017 while Plaintiff was temporarily housed at MBP, located in Marquette, Michigan; and, (2) add new defendants—David Isard, David Lalonde, and Jeffrey Clark[1]—related to events that occurred in June and July 2017 at the Chippewa Correctional Facility (URF), located in Kincheloe, Michigan. (*Id.*) Notably, as discussed later in this

---

[1] Although Plaintiff also lists two additional URF employees, C/O Anderson and Lieutenant Bond, in Section IV ("Added Parties") of his proposed supplemental complaint, it is not clear that Plaintiff seeks to add these two individuals as proposed defendants. (DE 75 at 4-5.) The names of these individuals are not included in Plaintiff's motion to file the supplemental complaint, where he expressly names Govern, Clark, Lalonde and Isard (*id.* at 1-2), and are not included in Section VII ("Claims for Relief"), where again Plaintiff asserts proposed claims against Govern, Clark, Lalonde and Isard. (*Id.* at 14-15.) In any event, the Court's reasoning and analysis herein regarding proposed defendants Clark, Lalonde and Isard apply equally to Anderson and Bond.

3

opinion, both of these facilities are located in Michigan's Upper Peninsula, all of which is in the Western District of Michigan.

In his proposed supplemental complaint, Plaintiff asserts that on June 1, 2017, he was transferred from the Macomb Correctional Facility (MRF) to the MBP so that he could make an appearance in the federal court in Marquette. (DE 75, ¶ 5.) He states that he arrived at MBP on June 5th, after "laying over" at the Chippewa Correctional Facility (URF) for three days, that he immediately informed staff that he was not safe in MBP's general population, and that when he refused to be placed in G-block, he was placed in quarantine until he went to court. (*Id.* ¶¶ 6-9.) Plaintiff alleges that he appeared in court on June 7th, informed the judge that he was not safe at MBP and had requested protection, and that Defendant Govern informed the judge that Plaintiff would be "going back" on Monday. (*Id.* ¶¶ 11-13.) Plaintiff claims that, following his court appearance, Defendant Govern, in conspiracy with David Isard at URF, arranged for Plaintiff to be transferred to URF instead of being returned to MRF, in retaliation for engaging in protected activity. (*Id.* ¶¶ 14-15.)

Once at URF, Plaintiff alleges that he informed staff that he was not safe "due to multiple enemies being present at that facility," including two inmates involved in the alleged "hit" placed on Plaintiff, and that Isard and Clark denied his requests for protection. (*Id.* ¶¶16-18.) Plaintiff asserts that two of the inmates

4

involved in the "hit" being placed on him were housed at URF. (*Id.* ¶¶ 20-22.) Plaintiff further contends that he had sufficient points to be placed on the list for "level 2 placement" (lower security level), but that Clark and Lalonde refused to "afford Plaintiff level 2 placement in retaliation for Plaintiff engaging in protected activity." (*Id.* ¶¶ 23-33.)

Plaintiff alleges claims against: (1) Govern for retaliatory transfer to URF; (2) Govern and Isard for conspiracy to have Plaintiff placed at URF "around known enemies in retaliation for Plaintiff's protected conduct;" (3) Govern, Clark and Isard for denial of his requests for protection; and (4) Clark and Lalonde for refusing to "afford" him "level 2 placement." He further alleges violations of state law against all defendants. (*Id.* ¶¶ 37-40.) Defendants did not file a response to Plaintiff's motion.

## II. STANDARD

Federal Rule of Civil Procedure 15(d) provides, in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

Fed. R. Civ. P. 15(d). As the plain language of the rule indicates, "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed." *Harrison v. Burt*, No. 2:07-CV-11412, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (internal citations omitted). And,

"given that Rule 15(d) covers post-suit conduct, it naturally flows that the supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint." *Coleman v. Gullet*, No. 12-10099, 2013 WL 4026839, at *4 (E.D. Mich. Aug. 6, 2013) (citations omitted), *report and recommendation adopted*, 2013 WL 5172306 (E.D. Mich. Sept. 13, 2013). However, "there must be some connection between the claims as filed and the supplemental ones: 'A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action.'" *Id.* at *5 (quoting *Mullen v. Surtshin*, 590 F.Supp.2d 1233, 1238 (N.D. Cal. 2008)). "Instead, '[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims.'" *Id.* (quoting *Imelmann v. Michigan Dep't of Corr.*, No. 12-10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012)).

Supplementation under Rule 15(d) is left to a district court's "broad discretion." *Coleman*, 2013 WL 4026839, at *5. The same standard of review and rationale apply to a motion to supplement under Fed. R. Civ. P. 15(d) as to a motion to amend under Fed. R. Civ. P. 15(a). *See Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002); *Bromley v. Michigan Educ. Ass'n-NEA*, 178 F.R.D. 148, 153-54 (E.D. Mich. 1998) (listing six factors). A supplemental pleading should be denied if "brought in bad faith, for dilatory purposes, [it] results in undue delay or prejudice to the opposing party, or would be futile." *See Colvin v. Caruso*, 605

6

F.3d 282, 294 (6th Cir. 2010) (quotation marks and citation omitted). These factors "are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities." *See Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). In every instance, the exercise of the Court's discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd. Of Prince Edward Cty.*, 377 U.S. 218, 227 (1964). Leave to supplement may be denied if it would be fairer and more orderly to let the plaintiff raise the new claim(s) in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008).

### III. ANALYSIS

As explained above, the facts underlying Plaintiff's complaint in this case against 18 defendants span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC. (DE 1.) Plaintiff now seeks leave to supplement his complaint to add new claims against Defendant Fred Govern and add three new defendants, all employed at yet another MDOC facility, related to Plaintiff's temporary housing at MBP and subsequent transfer to URF in June and July 2017. (DE 75.) The supplemental complaint also alleges a claim regarding Plaintiff's security level classification while housed at URF. (*Id.*)

Plaintiff's supplemental complaint is only tangentially related to the claims in Plaintiff's original complaint. Although Plaintiff alleges in the proposed supplemental complaint that he complained of not "being safe" and needing protection "due to the hit," as he does in his original complaint, his supplemental claims focus on his claimed retaliatory transfer to URF, his housing at URF, and his security level classification while housed at URF, and involve a separate prison and, with the exception of Govern,[2] new proposed defendants. *See Coleman*, 2013 WL 4026839, at *5 (noting when denying motion to supplement that "none of the six MRF-individuals accused of providing constitutionally inadequate eye care are any of the original defendants"). Plaintiff does not allege that he was assaulted or even confronted in connection with the "hit" (but only alleges that two inmates involved in the initial "hit" being placed on Plaintiff were housed at URF, one of them in a cell near his).

As our sister court has previously explained, while Rule 15(d) allows a plaintiff to update his complaint and add allegations of later events relating to his original complaint, "[t]his rule does not, however, allow a plaintiff to add new claims relating to new events at a completely different prison involving not the original defendants but a whole new cast of characters." *Cage v. Harry*, No. 1:09-cv-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010). Allowing the

---

[2] The Court notes that Plaintiff's Eighth Amendment failure to protect and retaliation claims against Defendant Govern have been dismissed. (DE 103.)

8

supplemental allegations would require the presentation of new and different witnesses and evidence to establish Plaintiff's claims. Rather, "[i]n such circumstances, leave to supplement should be denied, because there is 'no linkage' between the new allegations and those set forth in the original complaint." *Id.* (citing *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993)). Moreover, as in *Cage*, aside from the fact that the supplemental allegations primarily take place in a different prison and involve new proposed defendants, the *entirety* of the new events alleged in the proposed supplemental complaint took place in a different judicial district—the Western District of Michigan—and Plaintiff's claims should be brought in that Court. *See Cage*, 2010 WL 1254562, at *1 (finding that "potential for abuse is compounded where, as here, the new events took place in a different judicial district").

In addition, considering the additional factors when determining whether to grant or deny a motion to amend or supplement a pleading, *see Bromley*, 178 F.R.D. at 153-54, the Court finds that Plaintiff's proposed supplement would yield undue delay in this action, require additional discovery, and be prejudicial to Defendants at this late stage in the proceedings. Plaintiff filed his motion to supplement after the parties have engaged in discovery and four months after Defendants filed their summary judgment motions, which have recently been decided. Thus, allowing supplementation would not serve the interests of judicial

9

economy, but would increase the cost, length and complexity of this litigation, adding new claims and new parties. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (affirming the district court's denial of leave to amend because otherwise allowing it "would create significant prejudice to the defendants in having to reopen discovery and prepare a defense for a claim quite different from the [original claim]"); *see also Martinez v. Hiland*, No. 5:13-CV-P182-GNS, 2017 WL 939009, at *2 (W.D. Ky. Mar. 9, 2017) (because plaintiff seeks to add new claims against non-Defendants, "the Court's consideration of undue delay and prejudice deserves great weight, and these factors weigh heavily in denying the motions to amend/supplement"). The Court notes, however, that Plaintiff has the option to raise these claims in a new lawsuit, filed in the proper jurisdiction.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion to file a supplemental complaint (DE 75) is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 9, 2018             s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 9, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti