UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER
# 731077,

        Plaintiff

v.

NICHOLAS GALZETTA, FRED
GOVERN, ERICA HUSS,
DARRIN VIITALA, MANDI
SALMI, KENNETH NIEMISTO,
KRISTINE GIESEN, TERRY
MEDEN, CHAD LaCOUNT,
HANNA SAAD, DR. ROSEN, C/O
WATKINS, C/O LEWIS, C/O LEE,
C/O SLAUGHTER, C/O
HOUSTON, DAPHNE M.
JOHNSON and RICHARD
IDEMUDIA,

        Defendants.
_____/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

### ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE PREVIOUS ORDER TO HAVE DEFENDANTS SERVED (DE 123) AND DIRECTING THE UNITED STATES MARSHALS SERVICE TO ATTEMPT PERSONAL SERVICE UPON DEFENDANT HANNAH SAAD

**A.    Background**

Plaintiff D'Andre Alexander (#731077) is currently incarcerated at the MDOC's Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan. *See* www.michigan.gov/corrections, "Offender Search." On September

8, 2016, while incarcerated at Macomb Correctional Facility (MRF), Plaintiff filed the instant lawsuit against **18 defendants**, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Calzaetta, Govern, Giesen, Vitala, LaCount, Niemisto, Huss, Salmi and Meden),

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Saad, Rosen, Watkins, Lewis, Lee, Slaughter, Houston and Idemudia), and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Johnson).

(DE 1.) The facts underlying his complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC. (*Id.*) The Court granted Plaintiff's application to proceed *in forma pauperis* and directed service of the complaint by the U.S. Marshals Service ("USMS") on September 16, 2017. (DEs 4, 6.) This case has been referred to me to conduct pretrial matters. (DE 8.)

To date, seventeen of the eighteen defendants have been served and entered an appearance. However, Defendant Hannah Saad has yet to appear. It appears that several attempts at service have been unsuccessful. (*See, e.g.,* DEs 7, 17, 28-30, 69, 110.) On September 27, 2017, the Court ordered the MDOC to provide Defendants Rosen's and Saad's (at that time, the last two un-served defendants) last known addresses to the USMS under seal, and directed the USMS to re-attempt service of process upon those Defendants. (DE 69.) The USMS again

2

attempted service upon Rosen and Saad. (DEs 110, 111) Defendant Rosen was at last served and counsel entered an appearance for him on May 24, 2018. (DE 121.) However, Saad has yet to be served.

On May 31, 2018, Plaintiff filed a motion to enforce previous order to have Defendants served, requesting that the Court re-order service on the unserved defendants. (DE 123.)

### B. The Court Now Directs Personal Service

Federal Rule of Civil Procedure 4 provides:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual *personally*;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added).

In Michigan, "[p]rocess may be served on a resident or nonresident individual by (1) delivering a summons and a copy of the complaint to the defendant *personally*; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2)." M.C.R. 2.105(A) (emphasis added).

Considering the above-discussed and apparently unsuccessful attempts of this Court to effect service of this lawsuit upon Defendant Hannah Saad by mail several times, I conclude that the next course of action should be for the USMS to attempt personal service of a summons and the September 8, 2016 complaint (DE 1) upon Defendant Hannah Saad as expeditiously as possible, in accordance with Fed. R. Civ. P. 4(e)(2)(A) & M.C.R. 2.105(a)(1).

### C. Order

Accordingly, the Court **GRANTS** Plaintiff's motion to enforce previous order to have Defendants served (DE 123) and, in light of the age of this case, the USMS is **DIRECTED** to attempt personal service of a summons and the September 8, 2016 complaint (DE 1) upon Hannah Saad, as expeditiously as possible, at the address provided by the MDOC under seal in response to the Court's September 27, 2017 Order (DE 69).

**IT IS SO ORDERED.**

Dated: June 4, 2018         s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 4, 2018, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti