UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER,

Plaintiff

v.

NICHOLAS GALZETTA, FRED GOVERN, ERICA HUSS, DARRIN VIITALA, MANDI SALMI, KENNETH NIEMISTO, KRISTINE GIESEN, TERRY MEDEN, CHAD LaCOUNT, HANNA SAAD, DR. ROSEN, C/O WATKINS, C/O LEWIS, C/O LEE, C/O SLAUGHTER, C/O HOUSTON, DAPHNE M. JOHNSON and RICHARD IDEMUDIA

Defendants.
_____________________________________/

Case No. 2:16-CV-13293
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 87)**

**I. RECOMMENDATION**: The Court should deny Plaintiff's motion for summary judgment (DE 87).

## II. REPORT

### A. Background

#### 1. Factual Background

Plaintiff D'Andre Alexander (#731077) is currently incarcerated at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF) in New Haven, Michigan. *See* www.michigan.gov/corrections, "Offender Search." On September 8, 2016, while previously incarcerated at MRF, Plaintiff filed the instant lawsuit against eighteen (18) defendants, who are described as follows:

- **nine (9) Defendants** are associated with the MDOC's Marquette Branch Prison (**MBP**) (Nicholas Calzetta, Fred Govern, Kristine Giesen, Darrin Viitala, Chad LaCount, Kenneth Niemisto, Erica Huss, Mandi Salmi and Terry Meden), which is located in Michigan's upper peninsula, (the "MBP State Defendants")

- **eight (8) Defendants** are associated with the MDOC's Woodland Center Correctional Facility (**WCC**) (Hanna Saad, Derek Rosen, Melvin Watkins, John Lewis, Rodney Lee, Kyle Slaughter, Bobby Houston and Richard Idemudia), which is located in Whitmore Lake, Michigan, (the "WCC State Defendants") and

- **one (1) Defendant** is associated with the **MDOC's Office of Legal Affairs** (Daphne Johnson).

(DE 1 at ¶¶ 5-12.) The facts underlying his complaint span the period from February 2, 2015, when Plaintiff was incarcerated at MBP, through February 2016, when Plaintiff was incarcerated at WCC. (DE 1 at ¶¶ 4, 13-48.)

The factual and procedural background has been extensively set forth in my prior report and recommendation (DE 93), as well as the Court's Amended Opinion and Order (DE 103), and need not be repeated in full here. In brief

summary, Plaintiff alleges that he was involved in a fight on February 2, 2015, while incarcerated in the MBP, and taken into segregation. While in segregation, Plaintiff alleges that MBP staff intentionally allowed for his flatscreen television to be stolen in retaliation for filing grievances and a lawsuit (filed on January 23, 2015). After he was released from segregation and learned who had stolen his television, he alleges that he notified an officer and that he was then labeled a "snitch," a hit was ordered, and he was targeted by fellow prisoners. Plaintiff alleges that his multiple requests for protection to MBP officials between May 2015 through January 2016, including Huss in June 2016 and Johnson, the Administrator at the MDOC Office of Legal Affairs, in July 2015 went unheeded. The State Defendants either deny that Plaintiff asked for protection or do not recall him requesting such protection. During this time period, Plaintiff claims that he asked his doctor at MBP, Dr. Terry Meden, to place him in F-block, and that, after undergoing a psychiatric evaluation, he was placed on the waitlist for transfer to an Interim Care Program (ICP). Plaintiff was eventually placed in the F-block ICP from August 11, 2015 through December 24, 2015, at which time he was placed back into segregation due to a threatening behavior misconduct.

On January 27, 2016, Plaintiff was informed he would be transferred to WCC. Plaintiff alleges that at his first treatment team meeting after his transfer, he informed WCC staff about the hit placed on him and that he feared for his safety.

On February 3, 2016, he alleges that a fellow prisoner heard him speaking to another prisoner about the hit on him, and that the prisoner announced himself as a member of the gang that put the hit on Plaintiff and then attacked him. Plaintiff alleges that he expressed his safety concerns to WCC State Defendants Saad, Rosen, Watkins, Lewis and Lee, but they refused to accommodate his needs. On February 9, 2016, Plaintiff filed a grievance against MBP Defendants complaining that he "was transferred without [his] consent or consideration of a known safety risk" and that he was subsequently assaulted at WCC. Plaintiff alleges that he was assaulted again on February 12, 2016 by a different prisoner and that he sought protection from WCC State Defendants Slaughter and Houston, but they refused to act. That same day, Plaintiff states that he filed a grievance against MBP and WCC State Defendants.

**2. Defendants' Prior Motions for Summary Judgment**

The State Defendants filed a motion for summary judgment on June 27, 2017 (DE 46)[1]; and (2) Defendant Terry Meden filed a motion for summary judgement on July 11, 2017. (DEs 53, 54 (SEALED).) On April 3, 2018, the Court entered an Amended Opinion and Order adopting in part the Report and

---

[1] Defendants' motion identifies the "State Defendants" as Defendants Nicholas Calzetta, Fred Govern, Erica Huss, Darrin Viitala, Mandi Salmi, Kenneth Niemisto, Kristine Giesen, Chad LaCount, Melvin Watkins, John Lewis, Rodney Lee, Kyle Slaughter, Bobby Houston, Daphne Johnson, and Richard Idemudia. (DE 46 at 2.)

Recommendation (DE 93), granting in part and denying in part the State Defendants' motion for summary judgment, and granting in part and denying in part Defendant Meden's motion for summary judgment. (DE 103.)[2] That Amended Opinion and Order explained that "the following claims are dismissed:

- Eighth Amendment claims against Defendants Calzetta, Govern, Huss, Viitala, Salmi, Niemisto, Giesen, LaCount, and Johnson;
- Alexander's claims for money damages against Defendants Calzetta, Govern, Giesen, Viitala, LaCount, Niemisto, Huss, and Johnson in their official capacity;
- Equal protection claims against all Defendants;
- Retaliation claims against Defendants Calzetta, Govern, Viitala, Salmi, and Giesen; and
- Negligence, IIED, and gross negligence claims against Dr. Meden.

Going forward, the following claims remain:

- Eighth Amendment claims against the WCC-based State Defendants and Dr. Meden;[3]
- Retaliation claims against certain WCC-based State Defendants (Slaughter and Idemudia);

---

[2] This Opinion and Order amended the Opinion and Order issued on March 30, 2018 (DE 102), to clarify which claims have been dismissed and to modify the language regarding Plaintiff's third objection. (DE 103 at n.1.)

[3] The Court found that there is a question of fact as to whether the February 12, 2016 grievance filed at WCC exhausts Plaintiff's failure to protect claims against the WCC State Defendants, which should be resolved at a bench trial or evidentiary hearing. (DE 93 at 53; DE 103 at 4, 18.) The Court has scheduled an evidentiary hearing for September 12, 2018 to address this issue. (DE 125.)

- Conspiracy claims under 42 U.S.C. § 1985 against certain MBP-based State Defendants (Calzetta, Govern, Huss, Viitala, Salmi, Niemisto, Giesen, and LaCount) and certain WCC-based State Defendants (Slaughter and Houston); and

- State law claims for gross negligence, negligence, and IIED against all State Defendants."

(DE 103 at 18.)[4]

### 3. The Instant Motion for Summary Judgment (DE 87)

On January 31, 2018, Plaintiff filed a motion for leave to file a motion for summary judgment. (DE 87.) The Court entered an order on February 6, 2018, granting Plaintiff's motion for leave, but noting that leave is not required to file a motion for summary judgment, as a scheduling order had not been entered setting forth a deadline for dispositive motions. (DE 90.) The Order recognized DE 87 at 2-23, with Exhibits 1-26 attached, as Plaintiff's motion for summary judgment, and entered a briefing schedule. (*Id.*) Plaintiff seeks summary judgment on his claim that Defendants Johnson, Huss, Saad, Rosen, Watkins, Lewis, Lee, and Slaughter were deliberately indifferent to his safety needs, resulting in two assaults on him. (DE 87 at 7-22.) He also contends that the Defendants violated state laws amounting to negligence, gross negligence and intentional infliction of emotional

[4] The State Defendants have subsequently filed, with leave of Court, a motion to dismiss Plaintiff's 45 U.S.C. 1985 conspiracy claims and state law claims (DE 107), and Defendant Meden filed, again with leave of Court, a second motion for summary judgment to address Plaintiff's Eighth Amendment claim against him. (DE 116.) The Court will consider these motions separately.

distress. (*Id.* at 22.) On March 2, 2018, the State Defendants filed a response in opposition to Plaintiff's motion, arguing that Plaintiff has failed to establish his Eighth Amendment claims, his state tort claims, and his equal protection claims, and incorporating by reference the failure-to-protect and qualified immunity arguments presented in their motion for summary judgment.[5] (DE 94.)

**B. Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the

---

[5] Plaintiff's equal protection claims against all defendants have been dismissed. (DE 103 at 17-18.)

motion.”). “Once the moving party satisfies its burden, ‘the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.’” *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must “make an affirmative showing with proper evidence in order to defeat the motion.” *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov’t of Nashville & Davidson Cnty.*, 432 F. App’x 435, 441 (6th Cir. 2011) (“The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.”) (internal quotation marks and citations omitted).

However, a moving party with the burden of persuasion faces a “substantially higher burden.” *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). “[W]here the moving party has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.” *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted); *see also Arnett*, 281 F.3d at 561 (explaining that the party with the burden of proof “must show that the record contains evidence satisfying the burden of persuasion

and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.") (citation and internal quotation marks omitted). "Summary judgment in favor of the party with the burden of persuasion … is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### C. Discussion

#### 1. Plaintiff's Eighth Amendment Failure to Protect Claims

##### a. Plaintiff's claims against Defendants Huss and Johnson

Plaintiff's motion for summary judgment on his Eighth Amendment claims against Defendants Johnson and Huss should be denied because his claims against those defendants were dismissed with prejudice in the April 3, 2018 Amended Opinion and Order by the Court. (See DE 103 at 18.)

##### b. Plaintiff's claims against WCC State Defendants Saad, Rosen, Watkins, Lewis, Lee and Slaughter

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court." *Jones v. Bock*, 549 U.S. 199, 203 (2007). "[I]nmates are not required to

specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Instead, failure to exhaust administrative remedies is an affirmative defense under the PLRA, and defendants bear the burden of proof on exhaustion. *See Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

The State Defendants previously argued in their June 27, 2017 motion for summary judgment, which they have incorporated into their response to Plaintiff's motion for summary judgment, that Plaintiff failed to exhaust his administrative remedies as to his Eighth Amendment claims against the WCC State Defendants because he "did not pursue any grievances relating to the allegations against the WCC State Defendants to Step III" and that "[t]he only WCC grievance was received at Step I on April 19, 2016, and involved a legal mail claim irrelevant to this suit." (DE 46 at 20, 26.) In response to the State Defendants' motion for summary judgment, Plaintiff asserted that he filed a grievance at WCC on February 12, 2016, regarding being attacked while housed at WCC, but he claimed that he never received a response nor a receipt with an identifier number and thus he could not proceed with an appeal. (DE 84 at 13-14.) He argued that there was a question of fact as to whether the grievance process was reasonably available to him. (*Id.*) This Court held that, "[b]ecause the State Defendants did not file a reply brief and have not otherwise irrefutably addressed this argument … [t]here is a question of fact as to whether the February 12, 2016 grievance filed at WCC

exhausts Plaintiff's failure to protect claims against the WCC State Defendants that should be resolved at a bench trial or evidentiary hearing." (DE 93 at 53; DE 103 at 4.) That evidentiary hearing has been scheduled for September 12, 2018.

The question of whether Plaintiff properly exhausted his Eighth Amendment claims against these defendants is a threshold issue that must be resolved before the Court can rule on Plaintiff's instant motion for summary judgment on the merits of his Eighth Amendment claims. *See Jones*, 549 U.S. at 203 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court."); *see also Doe v. Mich. Dep't of Corrs.*, No. 13-14356, 2016 WL 465496, at *12 (E.D. Mich. Feb. 8, 2016) ("Exhaustion is a threshold issue of judicial administration that this court 'must address to determine whether litigation is being conducted in the right forum at the right time.'") (quoting *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010)). Accordingly, Plaintiff's motion for summary judgment on his Eighth Amendment claims against Defendants Saad, Rosen, Watkins, Lewis, Lee and Slaughter should be denied without prejudice pending the Court's ruling on the exhaustion issue. Plaintiff may consider re-filing a motion for summary judgment on the merits of his Eighth Amendment claims if the Court finds his claims against the WCC Defendants have been properly exhausted.

### 2. Plaintiff's State Law Claims for Negligence, Gross Negligence and Intentional Infliction of Emotional Distress

Plaintiff asserts that "Defendants also violated state laws/torts amounting to negligence, gross negligence, and intentional infliction of emotional distress" and argues that "[b]y Defendants violating a higher federal standard [presumably the alleged constitutional violations], they definitely violated the lesser standards on the state level." (DE 87 at 22.) That is the entirety of Plaintiff's argument, and he does not cite any case law for this proposition or even discuss the elements of his state law claims.

It is not the role of the court to make an argument on Plaintiff's behalf or to identify facts that support his arguments, even if he is proceeding *pro se*. Rather, it is well-established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (internal quotation marks and citations omitted). "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to put flesh on its bones." *Bishop v. Gosiger, Inc.*, 692 F.Supp.2d 762, 774 (E.D.Mich.2010) (internal quotation marks and citations omitted)). That is precisely what Plaintiff has done here. Therefore, Plaintiff has waived his argument in support of summary judgment on his state law

claims by failing to properly develop and support it, and his motion for summary judgment on his state law claims should be denied.[6]

### D. Conclusion

For all the reasons stated above, Plaintiff's motion for summary judgment (DE 87) should be denied.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

[6] On April 30, 2018, Plaintiff filed a "Supplement to Plaintiff's Motion for Summary Judgment" in which he states:

> In addition to what relief Plaintiff has requested in his Motion for Summary Judgment, it is respectfully asked that, if these claims were not already included therein, that the court also GRANT the motion for Plaintiff's state law claims in which this court just allowed to proceed against Defendants.

(DE 112.) Leaving aside the propriety of filing a "supplement" to his motion for summary judgment, as with the instant motion, this supplement fails to cite any case law or properly develop or support his argument regarding his "state law claims," and this argument is deemed waived. *See Dillery*, 398 F.3d at 569.

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: August 10, 2018

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 10, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti