UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANDRE ALEXANDER,

        Plaintiff,

vs.

Case No. 16-cv-13293
Hon. Mark A. Goldsmith

NICHOLAS CALZETTA, et al.,

        Defendants.
_____/

**OPINION & ORDER
ADOPTING THE REPORT AND RECOMMENDATION DATED AUGUST 10, 2018
(Dkt. 139); OVERRULING PLAINTIFF D'ANDRE ALEXANDER'S OBJECTIONS
THERETO (Dkt. 143); AND DENYING ALEXANDER'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 87)**

Plaintiff D'Andre Marquis Alexander brought this civil rights action against eighteen defendants, alleging, inter alia, violations of the First, Eighth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and various state law claims. See Compl. (Dkt. 1). Alexander moved for summary judgment (Dkt. 87), which Magistrate Judge Patti recommended denying. See 8/10/2018 Report and Recommendation ("R&R") (Dkt. 139). Alexander timely filed objections to the R&R (Dkt. 143). For the following reasons, the Court overrules Alexander's objections, adopts the R&R, and denies the motion for summary judgment.

### I.     BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In brief summary, Alexander alleges that he was mistreated by Defendants when incarcerated at Marquette Branch Prison and the Woodland Center Correctional Facility. He seeks summary judgment on his claim that Defendants Daphne Johnson,

1

Erica Huss, Hanna Saad, Derek Rosen, Melvin Watkins, John Lewis, Rodney Lee, and Kyle Slaughter were deliberately indifferent to his safety needs; he also contends that Defendants are liable for negligence, gross negligence, and intentional infliction of emotional distress ("IIED"). Magistrate Judge Patti recommended (i) denying summary judgment as to Alexander's Eighth Amendment claims against Defendants Johnson and Huss because those claims were dismissed with prejudice in the Court's April 3, 2018 Amended Opinion and Order; (ii) denying summary judgment without prejudice as to Alexander's Eighth Amendment claims against Defendants Saad, Rosen, Watkins, Lewis, Lee, and Slaughter (the "WCC Defendants") pending the Court's ruling regarding exhaustion of these claims; and (iii) denying summary judgment as to Alexander's state-law claims.

## II. STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any arguments made for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## III. ANALYSIS

**A. Objection One: Eighth Amendment Claims against WCC Defendants**

Alexander first objects to the recommendation that the Court deny summary judgment without prejudice with respect to his Eighth Amendment claims against the WCC Defendants. Pl. Obj. at 1, PageID.1764. Alexander notes that an evidentiary hearing is currently scheduled for

2

September 12, 2018, and asks that the Court refrain from ruling on his motion until <u>after</u> the hearing, when the factual issues regarding exhaustion have been resolved. He argues that he will be prejudiced if his motion is denied without prejudice, because he will have to re-file his motion, which may result in extending the scheduled trial date of May 13, 2019. Alexander alternatively asks that the Court construe his filing as a "motion to hold the decision on Plaintiff's motion for summary judgment in abeyance." <u>Id.</u> at 3, PageID.1766.

The Court declines to grant Alexander his requested relief and overrules his objection. "[T]rial courts have inherent power to control their dockets," <u>Anthony v. BTR Automotive Sealing Sys., Inc.</u>, 339 F.3d 506, 516 (6th Cir. 2003), and the Court believes that denying Alexander's constitutional claims without prejudice is the better course of action. It may be that the evidentiary hearing obviates any need for consideration of the merits of Alexander's claims. If his claims still stand following the evidentiary hearing, both the parties and the Court may benefit from a subsequent round of summary judgment briefing that can account for any new issues that may arise at the evidentiary hearing. This is particularly true in light of the recent appearance of two Defendants, Saad and Rosen, who appeared in the case after Alexander filed the instant motion for summary judgment. The Court also finds that Alexander's concern regarding prejudice is unfounded; there is no reason to think that the Court would be unable to resolve a subsequent motion for summary judgment in advance of the May 2019 trial date. Accordingly, this objection is overruled.

**B. Objection Two: State-Law Claims**

Second, Alexander argues that the magistrate judge erred by finding that his arguments regarding his state-law claims were undeveloped. Alexander maintains that he described

3

Defendants' behavior in detail, citing their acts and omissions in regard to their failures to protect him, and demonstrated "some effort to develop the argument." Pl. Obj. at 2, PageID.1765.

The Court overrules Alexander's second objection. Although Alexander does detail the facts surrounding his interactions with Defendants, he does not offer any argument as to how these facts give rise to a claim for negligence, gross negligence, or IIED. As Magistrate Judge Patti noted, he does not even list the elements of any of these claims, or cite to any authority to support his position. He simply states that "[b]y Defendants violating a higher federal standard, they definitely violated the lesser standards on the state level." Pl. Mot. for Summ. J. at 18, PageID.1120.[1] "It is not the Court's function to find authority in support of a party's position or argument." Mack v. City of Detroit, No. 12-10300, 2015 WL 3646462, at *2 (E.D. Mich. June 10, 2015). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." McPherson v. Kelsey, 125 F.3d 989, 995 (6th Cir. 1997). Summary judgment on the state-law claims was properly denied.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation dated August 10, 2018 (Dkt. 139); overrules Alexander's objections thereto (Dkt. 143); and denies Alexander's motion for summary judgment (Dkt. 87).

---

[1] In his objection, Alexander states that "Defendants were negligent, and Plaintiff clarifies this in his complaint under 'claims for relief' section, and explains how they were negligent." Pl. Obj. at 2, PageID.1765. In the "claims for relief" section of his complaint, Alexander writes that "[T]he actions/omissions of ALL Defendants of being personally aware of a serious safety risk and intentionally failing/refusing to act on the serious safety risk, amount to [constitutional violations]. Their actions/omissions also amounted to state law torts of gross negligence, negligence, and intentional infliction of pain and emotional distress." Compl. ¶ 52 (Dkt. 1). Putting aside the fact that Alexander points to a legal conclusion in the complaint to support his motion for summary judgment, this statement is similarly an undeveloped argument and fails for the same reasons as the statements made in Alexander's summary judgment motion itself.

4

SO ORDERED.

Dated: August 30, 2018                                         s/Mark A. Goldsmith
                                                               MARK A. GOLDSMITH
                                                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2018.

                                                               s/Marlena Williams
                                                               In the absence of Karri Sandusky
                                                               Case Manager